UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMANDA RAE APPLEBY,

Plaintiff,

v. Case No.: 6:25-cv-02356-NWH

COMMISSIONER OF SOCIAL SECURITY,

Defendant,
_______________________________/

**ORDER**

This matter is before the Court on Plaintiff's Amended Unopposed Motion for Attorney's Fees Pursuant to the Equal Justice Act, 28 U.S.C. § 2412 (the "Amended Motion") (Doc. 21). Specifically, Plaintiff requests an award of fees in the amount of $7,175.00 and $405.00 in costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (hereinafter, the "EAJA"). The Court denied the original motion for EAJA fees, (Doc. 19), without prejudice because Plaintiff's counsel failed to specify which attorneys worked on the case. (Doc. 20, the "EAJA Order"). The Amended Motion corrects that issue and, as a result, it will be granted.

The EAJA Order addressed the background of this case, found that Plaintiff was eligible for an award of fees under the EAJA, and that the hours expended were reasonable. (Doc. 20). These sections will not be repeated here.

With regard to the hourly rate, Plaintiff requests an award of $ 258.46 per hour for work in 2025 (2.9 hours total) and $265.00 for work in 2026 (26.6 hours). (Doc. 21

at 9). All of the time was billed by attorney Justin Jones, who is an experienced attorney in the area. Based on the Court's knowledge, the market rate for similar services in the Orlando area exceeds the statutory rate of $125.00 per hour. Additionally, an increase in the cost of living from 1996, when the statutory rate was established, to when Plaintiff's counsel worked on this case justifies an upward adjustment from $125.00.

Courts in this district, including the undersigned, have found that using the CPI for the Southern region of the United States most accurately reflects the increase in the cost of living in the Orlando area. *See e.g., Kurdy v. Commissioner,* No. 6:20-cv-2456, slip op. at 5-6 (M.D. Fla. Aug. 3, 2022); *Zapata-Reyes v. Commissioner*, No. 6:18-cv-976, slip op. at 5–6 (M.D. Fla. Oct. 4, 2019); *Alzamora v. Commissioner*, No. 6:18-cv-618, slip op. at 5–6 (M.D. Fla. Oct. 4, 2019). Plaintiff's requested rates result in a total fee award in the amount of $7,553.81 but has agreed to reduce that amount to $7,175.00. (Doc. 21 at 9). That amount falls below the standard CPI calculation and is not opposed by the Commissioner. The Court finds that it is reasonable.

Plaintiff also seeks reimbursement of the filing fee cost in the amount of $405.00. The EAJA provides for the award of costs to a prevailing party, limited to a reimbursement for the costs incurred, including the filing fee. 28 U.S.C. § 2412(a)(1). Therefore, Plaintiff is entitled to $405.00 in costs.

It is therefore,

**ORDERED** that Plaintiff's Amended Unopposed Motion for Attorney's Fees Pursuant to the EAJA (Doc. 21) is **GRANTED**. Plaintiff is **AWARDED** fees in the

amount of $7,175.00 and costs in the amount of $405.00. If the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government, the Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel, *see* Doc. 21-2.

**DONE and ORDERED** in Chambers in Orlando, Florida, July 31, 2026.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record